IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARIBE EQUITY GROUP, INC.,

Plaintiff

v.                                                                          CIVIL 09-2083 (JA)

DR. ALFREDO ESCALERA-NAVARRO,

Defendant

OPINION AND ORDER

This matter is before the court on motion to dismiss for lack of subject matter jurisdiction filed by the defendant, Dr. Alfredo Escalera-Navarro, on April 9, 2010. (Docket Nos. 27 & 28.)  Plaintiff, Caribe Equity Group, Inc., opposed the defendant's motion on April 30, 2010. (Docket No. 32.)  On May 25, 2010, the defendant replied to plaintiff's motion. (Docket No. 36.)  For the reasons set forth below, the defendant's motion is GRANTED.

I. BACKGROUND

On October 20, 2009, plaintiff filed a complaint based on diversity of citizenship, 28 U.S.C. § 1332, against the defendant alleging breach of loan agreement, unjust enrichment, and seeking collection of monies lent. (Docket No. 1.)  The amount in controversy is $100,000 plus costs, accrued interest, and attorney's fees. (Id.)  On December 12, 2009, the defendant filed a motion to dismiss for lack of subject matter jurisdiction, since he and plaintiff are residents of Puerto Rico, thus defeating diversity jurisdiction. (Docket No. 9, at 1 & 4.) The

CIVIL 09-2083 (JA)                                      2

motion was denied without prejudice on December 14, 2009, and plaintiff was allowed to conduct discovery as to defendant's citizenship for diversity purposes. (Docket No. 10.) Interrogatories were served by plaintiff upon the defendant on December 28, 2009. (Docket No. 16.) In light of the answers provided to plaintiff's interrogatories, the defendant moved once again to dismiss plaintiff's complaint. (Docket Nos. 27 & 28.) In essence, the defendant argues that from the discovery conducted plaintiff was not able to discover any evidence that would establish diversity of citizenship in order for the complaint to proceed. (Docket No. 27, at 2, ¶ 6.) Plaintiff, on the other hand, contends that he has to depose the defendant in order to put the court in a better position to properly rule on the diversity issue. (Docket No. 32, at 4 & 5.) According to plaintiff, even though the defendant stated in his answer to the interrogatories that he and his family resided in Puerto Rico, in a deposition taken on October 30, 2008, in the case of Aníbal Lugo-Rosas v. Carlos Lugo-Olivieri, Civil No. K PE2008-2122 (still pending, Court of First Instance, Superior Part of San Juan) he indicated that Florida was his permanent residence and that he traveled to Puerto Rico on a weekly basis because he maintained his administrative and consultation practice in Puerto Rico. (Id. at 2-3.) The defendant, however, argues that the deposition transcript submitted by plaintiff is inflammatory and confusing and therefore must be stricken. (Docket No. 36, at 3.) The defendant claims that he was not a party to

CIVIL 09-2083 (JA) 3

the aforementioned action, and the issue regarding his domicile was not at stake or present therein. (Id.) He also argues that the deposition testimony should be disregarded because it is irrelevant and insufficient. (Id. at 2.)

## II. ANALYSIS

In order for a federal court to have jurisdiction, there must be complete diversity between all opposing parties and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332; Carden v. Arkona Assocs., 494 U.S. 185, 187 (1990); see also Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806); García-Pérez v. Santaella, 364 F.3d 348, 350 (1st Cir. 2004); Casas Office Mach., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 673 (1st Cir. 1994). The only issue for the court to decide in this case is the question of diversity of citizenship since the sum of monies in question exceeds $75,000. "Under 28 U.S.C. § 1332(a)(1), there is diversity of citizenship if the plaintiff is a "citizen" of a different state than all of the defendants." Lundquist v. Precision Valley Aviation, Inc., 946 F.2d 8, 10 (1st Cir. 1991) (citing Sweeney v. Westvaco Co., 926 F.2d 29, 32-33, 41 (1st Cir. 1991)).

"'Citizenship' in a state is the equivalent of 'domicile.'" Lundquist v. Precision Valley Aviation, Inc., 946 F.2d at 10 (citing Valedón-Martínez v. Hosp. Presbiteriano de la Comunidad, Inc., 806 F.2d 1128, 1132 (1st Cir. 1986)). Citizenship and/or domicile "is determined as of the date that a plaintiff files a

CIVIL 09-2083 (JA)                             4

lawsuit." Rivera v. Hosp. Interamericano de Medicina Avanzada, 125 F. Supp. 2d 11, 16 (D.P.R. 2000) (citing Smith v. Sperling, 354 U.S. 91, 93 n.1 (1957); Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 49 (1st Cir. 1992)); see also Valentín v. Hosp. Bella Vista, 254 F.3d 358, 361 (1st Cir. 2001). Domicile requires two things: (1) that an individual be physically present within the state, and (2) an intent to remain there indefinitely. Padilla-Mangual v. Pavía Hosp., 640 F. Supp. 2d 128, 133 (D.P.R. 2009) (citing Hawes v. Club Ecuestre El Comandante, 598 F.2d 698, 701 (1st Cir. 1979)). "[I]t is not required that the intention be to stay there permanently." Cruz-Martínez v. Hosp. Hermanos Meléndez, Inc., 475 F. Supp. 2d 140, 143 (D.P.R. 2007). Even though "'a party may reside in more than one state[, it] can be domiciled, for diversity purposes, in only one.'" Rivera v. Hosp. Interamericano de Medicina Avanzada, 125 F. Supp. 2d at 17 (quoting Lundquist v. Precision Valley Aviation, Inc., 946 F.2d at 10). A party's domicile thus is "'the place where he has a true, fixed home and principal establishment, and to which, whenever he is absent he has the intention of returning.'" Cruz-Martínez v. Hosp. Hermanos Meléndez, Inc., 475 F. Supp. 2d at 143 (quoting Rodríguez-Diaz v. Sierra-Martínez, 853 F.2d 1027, 1029 (1st Cir. 1988)).

    In determining a party's domicile, "the Court must focus on that party's intent and must consider the totality of the evidence . . . [including] current residence; voting registration and voting practices; location of personnel and real

CIVIL 09-2083 (JA)                         5

property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs and other associations; place of employment or business; driver's license and other automobile registration; [and] payment of taxes." Cruz-Martínez v. Hosp. Hermanos Meléndez, Inc., 475 F. Supp. 2d at 144 (quoting García-Pérez v. Santaella, 364 F.3d at 351 (citing 13B Charles Alan Wright , Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3612 (2d ed. 1984)). "[N]o single factor is wholly determinative of diversity." Rivera v. Hosp. Interamericano de Medicina Avanzada, 125 F. Supp. 2d at 18 (citing Bank One, Texas, N.A. V. Montle, 964 F.2d at 50). A defendant can challenge the existence of diversity jurisdiction "by controverting the accuracy (rather than the sufficiency) of the jurisdictional facts asserted by the plaintiff and proffering materials of evidentiary quality in support of that position." Cruz-Martínez v. Hosp. Hermanos Meléndez, Inc., 475 F. Supp. 2d at 144 (quoting Valentín v. Hosp. Bella Vista, 254 F.3d at 363). This type of challenge requires the court to engage in differential fact finding. Id. "In conducting this inquiry, the court enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction." Cruz-Martínez v. Hosp. Hermanos Meléndez, Inc., 475 F. Supp. 2d at 144 (quoting Valentín v. Hosp. Bella Vista, 254 F.3d at 363-64).

CIVIL 09-2083 (JA)					6

In the instant case, after being ordered by the court to conduct discovery, plaintiff sent interrogatories to establish diversity citizenship. See Alicea-Rivera v. SIMED, 12 F. Supp. 2d 243, 245 (D.P.R. 1998) (holding that a plaintiff bears the burden of proof when there are objections to diversity).  These interrogatories have shown that defendant is married with two children.  (Docket No. 27-2, at 2, ¶ 3.)  He lists his and his family's permanent residence from October 2002 until the present, as "Riverwalk #51, Encantada, Trujillo Alto, Puerto Rico. . . . " (Id. at 1-2, ¶ 2.)  Furthermore, the answers to interrogatories show that the defendant as well as his wife have worked in Puerto Rico over the past 10 years.  (Id. at 2-3, ¶ 4.)  In addition, the defendant submitted a sworn statement that he does not have any commercial or professional engagements in Florida; has a valid driver's licence from Puerto Rico; maintains bank accounts and pays taxes in Puerto Rico; has real estate and personal property in Puerto Rico; and that his travels to Florida are of a personal and brief nature.  (Docket No. 9-2.)  These facts clearly substantiate the ties the defendant has with Puerto Rico.

As to the deposition transcript presented by the plaintiff, the court finds that it has no weight in determining the defendant's domicile.  First, as previously stated it is well settled that "[f]or purposes of diversity jurisdiction, citizenship is determined as of the date of the initiation of the lawsuit." Alicea-Rivera v. SIMED, 12 F. Supp. 2d at 246 (citing Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S.

CIVIL 09-2083 (JA)                           7

426 (1991); Media Duplication Servs., Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1236 (1st Cir. 1991)).  Even though at the moment the deposition was taken, the defendant stated that he was domiciled in Florida, his intent on having and maintaining Puerto Rico as his only domicile "at the time the suit was brought" controls since courts have recognized that a party's domicile can change in an instant.  Hawes v. Club Ecuestre El Comandante, 598 F.2d at 701; see also Cruz-Martínez v. Hosp. Hermanos Meléndez, Inc., 475 F. Supp. 2d at 143 (citing Morris v. Gilmer, 129 U.S. 315 (1889)).  Second, the defendant has maintained that his visits to Florida have been of a brief nature because of a "temporary" relocation of his family.  (Docket No. 28, at 4; Docket No. 9-2, at 2.)  These visits, however, cannot be construed as an intent to change domicile, because there is no evidence that might show that the defendant's objective is to remain indefinitely in Florida and not in Puerto Rico.  See Valentín v. Hosp. Bella Vista, 254 F.3d at 366 (citing Hawes v. Club Ecuestre El Comandante, 598 F.2d at 701).  The court has not found upon examination of defendant's sworn statements and of the answers to interrogatories that there is diversity of citizenship between the parties, nor has the court found an intention to indefinitely relocate or change domiciles on the part of the defendant.  Thus, it is clear that based on the evidence presented, the defendant's true home and principal establishment at the time that the complaint was filed is, and has been, in Trujillo Alto, Puerto Rico.

CIVIL 09-2083 (JA)                               8

CIVIL 09-2083 (JA)                              8

### III.  CONCLUSION

In view of the above, the defendant's motion to dismiss for lack of subject matter jurisdiction is hereby GRANTED.  The Clerk is directed to enter judgment dismissing the complaint.

At San Juan, Puerto Rico, on this 18th day of June, 2010.

                                        S/ JUSTO ARENAS
                                Chief United States Magistrate Judge